[Cite as *State v. Hayes*, 2024-Ohio-845.]

# Court of Appeals of Ohio, Eighth District

County of Cuyahoga
Nailah K. Byrd, Clerk of Courts

STATE OF OHIO,

                    Appellee,          COA NO.      LOWER COURT NO.
                                       111927       CR-21-660865-A
      -vs-                                          CR-21-665938-A
                                                    CR-22-666541-A
JAYMARLON HAYES,                                    CR-22-667269-A

                    Appellant.         MOTION NO. 569977


Date:  March 7, 2024

_____
                            Journal Entry
_____

Motion by appellee for reconsideration is granted.  The journal entry and decision released and journalized November 16, 2023, 2023-Ohio-4119, is hereby vacated and substituted with the journalized entry and opinion issued this same date.



Judge Eileen A. Gallagher, Concurs

Judge Eileen T. Gallagher, Concurs

                                       _____
                                       Anita Laster Mays
                                       Presiding Judge

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                :

    Plaintiff-Appellee,      :

                                 No. 111927

    v.                       :

JAYMARLON HAYES,        :

    Defendant-Appellant.    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; MODIFIED IN PART;
            AND REMANDED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660865-A, CR-21-665938-A,
CR-22-666541-A, and CR-22-667269-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eric Collins and Kristen Hatcher, Assistant
Prosecuting Attorneys, *for appellee*.

James E. Valentine, *for appellant*.

ON RECONSIDERATION[1]

ANITA LASTER MAYS, P.J.:

{¶ 1}    Pursuant to App.R. 26(A)(1)(a), appellant, state of Ohio ("the state"), has filed an application for reconsideration of this court's opinion in *State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119. Upon review, appellant's motion for reconsideration is granted.  The opinion released by this court on November 16, 2023, *State v. Hayes*, 8th Dist. Cuyahoga No. 110132, 2023-Ohio-4119, is hereby vacated and substituted with this opinion.

{¶ 2}    Defendant-appellant Jaymarlon Hayes ("Hayes") appeals the trial court's imposition of consecutive sentences for multiple counts arising from several cases to which he pleaded guilty.  We affirm the convictions but remand the cases to the trial court to issue entries modifying the sentences pursuant to this opinion.

## I.    Background and Facts

{¶ 3}    Hayes was 18 years of age when the first act was committed, 19 years of age when the remaining offenses occurred, and 20 years old at the time of sentencing. Hayes has an IQ of 72, and a record of untreated mental health problems. The events underlying the first case took place on June 24, 2021, the second case on November 29, 2021, and the remaining two cases on December 2,

[1] The original announcement of decision, *State v. Hayes*, 8th Dist. Cuyahoga No. 110132, 2023-Ohio-4119, released November 16, 2023, is hereby vacated.  This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.  *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

2021, and December 3, 2021. On June 28, 2022, Hayes pleaded guilty to various counts in the cases. Four of the counts were qualifying offenses under the Reagan Tokes Law, and Hayes was advised of that fact at the plea hearing. Defense counsel objected to the imposition of the Reagan Tokes Law arguing at the plea and sentencing hearings that the law is unconstitutional. On August 5, 2022, Hayes was sentenced to an aggregate term of 71 and one-half years. As sentenced, Hayes would be 91 years of age upon release.

{¶ 4} In Cuyahoga C.P. No. CR-21-660865-A, on or about June 24, 2021, Hayes took his friend to the hospital for a gunshot wound. At some point, drugs were discovered in Hayes's car resulting in a ten-count indictment for possession and trafficking of controlled substances. On June 28, 2022, Hayes pleaded guilty to trafficking under R.C. 2925.03(A)(2), a low tier third-degree felony as charged in Count 3. The remaining counts were nolled. On August 5, 2022, Hayes was sentenced to a 24-month term to be served consecutively to the terms imposed in the other three cases. Hayes had been released on a $5,000 personal bond in Cuyahoga C.P. No. CR-21-660865-A when the remaining three cases arose.

{¶ 5} In Cuyahoga C.P. No. CR-22-667269-A, at approximately 1:00 a.m. on November 29, 2021, Jennifer Johnson was sitting in her car waiting for a friend to come home. Hayes and codefendant Rontell Parks ("Parks"), bearing firearms, banged on the victim's car window, pulled her from the car, demanded her wallet, and departed with the vehicle. Hayes and Parks were charged with aggravated robbery with one- and three-year firearm specifications, robbery, grand theft, and

two counts of theft. On June 28, 2022, Hayes pleaded guilty to aggravated robbery R.C. 2911.01(A)(1), a first-degree felony with a one-year firearm specification under R.C. 2941.141, as amended in Count 1 of the indictment. The remaining counts were nolled. On August 5, 2022, Hayes was sentenced to a one-year firearm specification to be served prior and consecutive to the maximum prison term of 11 years on the base charge, and consecutive to the sentences in the other cases. The first-degree aggravated robbery count is a qualifying offense under the Reagan Tokes Law.

{¶ 6} In Cuyahoga C.P. No. CR-22-666541-A, on the evening of December 2, 2021, Hayes and Parks approached victim Nazir Clemons ("Clemons") who was sitting in his vehicle at 2802 Clark Avenue at approximately 7:00 p.m. Hayes pointed a gun at Clemons and instructed him to get out of the vehicle. Clemons exited the vehicle and handed the keys to Parks. Clemons was shot twice, and the two drove away in Clemons's vehicle. Hayes and Parks were indicted for one count of attempted murder, two counts of aggravated robbery, three counts of robbery, two counts of felonious assault, one count of having weapons while under disability, and one count of grand theft. Nine of the ten counts carried one- and three-year firearm specifications.

{¶ 7} On June 28, 2022, Hayes pleaded guilty to one count of aggravated robbery, R.C. 2911.01(A)(1), a first-degree felony, with a three-year firearm specification, R.C. 2941.145, as amended in Count 2; one count of felonious assault, R.C. 2903.11(A)(1), a second-degree felony, with a three-year firearm specification, R.C. 2941.145, as amended in Count 7; having a weapon while under disability,

R.C. 2923.13(A)(3), a third-degree felony, as charged in Count 9; and one count of grand theft of a motor vehicle, R.C. 2913.02(A)(1), a fourth-degree felony, as amended in Count 10 of the indictment. The first-degree aggravated robbery and the second-degree felonious assault are qualifying offenses under the Reagan Tokes Law. Counts 1, 3, 4, 5, 6, and 8 were nolled.

{¶ 8} On August 5, 2022, Hayes was sentenced to the maximum term of 11 years for aggravated robbery with a three-year firearm specification, an eight-year maximum term for felonious assault with a three-year firearm specification, and a maximum three-year term for having a weapon while under disability. The grand theft count merged with the aggravated robbery charge. The aggregate 28-year sentence was to be served consecutively to the sentences in the other cases.

{¶ 9} Finally, in Cuyahoga C.P. No. CR-21-665938-A, on the afternoon of December 3, 2021, Hayes was driving the stolen vehicle to the home of Hayes's fiancée to drop off infant formula for their child. Solon police observed the vehicle proceeding on Solon Road, checked the plates, and discovered the vehicle was stolen. Hayes pulled into a driveway and successfully evaded police attempts to block it. Solon and Bentleyville police engaged in a car chase involving vehicle speeds exceeding 80 m.p.h. until Hayes swerved to avoid stop sticks deployed by police. Hayes lost control of the vehicle and struck two vehicles, one occupied by Paul Lilley ("Lilley") and a second vehicle occupied by Sally Schultz ("S. Schultz") and Norman Schultz ("N. Schultz"). S. Schultz complained of rib and stomach pain and died at the hospital later that day.

{¶ 10} On June 28, 2022, Hayes pleaded guilty to involuntary manslaughter, of S. Schultz, R.C. 2903.04(A), a first-degree felony, with a one-year firearm specification, R.C. 2941.141, as charged in Count 1; failure to comply with an order or signal of a police officer, R.C. 2921.331(B), a third-degree felony with a one-year firearm specification, R.C. 2941.141, as charged in Count 3; aggravated vehicular assault of N. Schultz and Lilley, R.C. 2903.08(A)(2)(B), a third-degree felony with a one-year firearm specification, R.C. 2941.141, as charged in Counts 4 and 5 of the indictment; and carrying concealed weapons, R.C. 2923.12(A)(2), as charged in Count 6 of the indictment. Count 2 was nolled.

{¶ 11} On August 5, 2022, Hayes was sentenced to the maximum term of 11 years for involuntary manslaughter, plus one-year gun specification, the maximum term of 36 months for failure to comply plus the one-year firearm specification, the maximum term of 60 months plus one-year firearm specification for each of the two aggravated vehicular assault counts, and a maximum term of 18 months for carrying a concealed weapon for a total of 29 and one-half years to run consecutively to the other cases. The involuntary manslaughter count is a qualifying offense under the Reagan Tokes Law.

{¶ 12} The drug conviction arose from the incident that occurred on June 24, 2021, the second case on November 28, 2021, the third case on December 2, 2021, and the fourth on December 3, 2021. The state referred to the events of June 24, 2021, November 28, 2021, December 2, 2021, and December 3, 2021, as a crime spree. The state argued that Hayes's conduct was more serious than

conduct normally constituting the offenses and urged the trial court to impose maximum, consecutive terms that totaled 71 and one-half years because of Hayes's heinous conduct. The sum included 11 years of firearm specifications.

{¶ 13} The defense requested a reasonable sentence and suggested 15 to 18 years. The defense explained that Hayes's determination to confess to the crimes and face the consequences should be considered. Hayes was hospitalized after the accident and transferred to a nursing home. Defense counsel was unable to visit because of COVID restrictions, but a guard allowed Hayes to use the guard's phone to finally speak with defense counsel. Hayes next contracted COVID and was in isolation until transferred to county jail without counsel's knowledge. Hayes admitted to the charges during an interview by a detective without a *Miranda* advisement. Counsel urged Hayes to seek suppression of the statement, but Hayes insisted on moving forward and taking responsibility for his actions.

{¶ 14} The defense also offered that Hayes possessed an IQ of 72 and attended seven schools before the eighth grade and six high schools. Hayes's father was incarcerated for most of Hayes's childhood, but his mother was a constant. Hayes's special education individualized education program failed to place him in classrooms where he could experience a degree of success. A referral to the Cuyahoga County Board of Developmental Disabilities was never completed so Hayes could receive needed counseling and medication for several mental health diagnoses.

{¶ 15} The defense produced the increasingly widely known data that juvenile brain development continues until the ages of 25 to 30 — sometimes beyond — and that the types of life events and conditions experienced by Hayes slows juvenile brain development. Finally, the defense stated that Hayes was remorseful and desired to participate in prison programs, complete his education, and eventually reunite with his daughter.

{¶ 16} The trial court noted the defense suggestion that Hayes had the potential to do good things and stated, "I hope that is true." However, "any good you do for a long time to come will be within the state prison." (Tr. 125-126.) The trial court added:

> You are going to have a very long time, Mr. Hayes, to carefully consider everything that you have done, the lives you affected, the life you took. You could be here on multiple murder charges had your driving been a little better, or had your driving rather been a little worse, or had your luck been a little worse.
>
> You had the good fortune, if it can even be called that, that only one person died as a result of all of your crimes. There could have been more.
>
> You must carefully consider all that you have done. You must resolve to make a better life for yourself in the years ahead of you. You must resolve to make good on the terrible things that you have done, the lives you affected, and to know that, although I am doing my best to mete out justice today, you will someday face judgment before a much higher court.

(Tr. 131-132.)

{¶ 17} As stated above, the imposed aggregate sentence is 71 and one-half years. The sentences included postrelease control, and recommendations for

mental health counseling and to obtain a GED. Hayes was entitled to 245 days of jail-time credit at the time of sentencing.

## II. Assignment of Error

{¶ 18} Hayes poses a single assignment of error arguing that the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law and unsupported by the record.

## III. Discussion

{¶ 19} It is axiomatic that a trial court may only impose sentences provided by statute, and R.C. 2929.14(C)(4) is an exception to the R.C. 2929.14(A) directive that multiple offenses "shall be served concurrently." *State v. Jones*, 2022-Ohio-4202, 201 N.E.3d 1003, ¶ 18-19 (8th Dist.), citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22.

{¶ 20} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, an appellate court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 21} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 22} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory

language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 23} In the present case, the parties do not dispute that the trial court made the required findings on the record.[2] As such, our review is limited to whether the record clearly and convincingly does not support the lower court's findings under R.C. 2929.14(C)(4). R.C. 2953.08(G)(2). Prior to the Ohio Supreme Court's decision in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*") our court applied an extremely deferential standard of review in considering the record pursuant to R.C. 2953.08(G)(2). *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.). In light of the Ohio Supreme Court's plurality decision in *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*"), wherein the Court reconsidered and vacated *Gwynne IV*, and recent decisions by this court, we apply our district's pre-*Gwynne IV* standard of review pending further guidance from the Ohio Supreme Court.

{¶ 24} Upon careful examination of the proceedings below, and mindful of the deference due to the trial court, we find the record in this instance clearly and convincingly does not support the lower court's proportionality finding under R.C. 2929.14(C)(4) as applied to the consecutive sentences imposed. In this case, the trial court imposed the maximum sentence on all counts except for trafficking. The trial

---

[2] We note that the judgment entries in Cuyahoga C.P. Nos. CR-21-665938-A, CR-22-666541-A, and CR-22-660865-A failed to incorporate the relevant findings and must be corrected via nunc pro tunc entries.

court then ordered each individual prison term to run consecutively resulting in a de facto life sentence of 71 and one-half years.

{¶ 25} This court agrees that Hayes should be punished, and this court does not demean the impact on the victims for the loss of a beloved family member when Hayes lost control of the vehicle attempting to avoid deployed stop sticks. However, the record clearly and convincingly does not support Hayes's *permanent* removal from society. The consecutive sentences imposed in this case clearly exceed what is necessary to protect the public and punish Hayes for his conduct. But more importantly, the consecutive sentences imposed are plainly disproportionate to Hayes's conduct and the danger he poses.

{¶ 26} Having found that the record clearly and convincingly does not support the lower court's findings in support of the consecutive sentences imposed in this case, we modify Hayes's sentence pursuant to R.C. 2953.08(G)(2). As part of the sentence modifications, this court reiterates that the Reagan Tokes Law advisements were provided during the plea hearing and addressed during the sentencing hearing. At the sentencing, the trial court announced that the first-degree felony involuntary manslaughter count would carry an 11-year term. The state inquired:

> State: Just to be clear on each — for an F1, for example, which was imposed on multiple cases that he has a prison sentence from anywhere from 11 to 16 and one-half years.
>
> Court: Yes.
>
> State: Because of Reagan Tokes.

Court: That's true. We discussed [it] at the time of the plea as well. Sir, do you understand, by nature, Reagan Tokes could result in additional time in essence being imposed if the prison chooses for the circumstances for the reasons we earlier discussed to keep you in prison longer? Do you understand?

Hayes: Yes.

(Tr. 134-135.)

{¶ 27} The defense objected to the law as unconstitutional at both hearings, arguments that were recently resolved in favor of constitutionality in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. This court's modification of sentences also includes consideration of the Reagan Tokes Law requirements. Pursuant to R.C. 2929.144(B)(2) for consecutive sentences, the aggregate maximum term is determined by the longest minimum term for the most serious felony being sentenced. Here, that is the involuntary manslaughter count with the 11-year minimum and 16 and one-half year maximum. The maximum term is determined solely from the longest minimum term or definite term for the most serious felony being sentenced.

{¶ 28} The record supports the modification of Hayes's aggregate prison sentence as follows. The asterisks indicate that the offense is a qualifying offense under the Reagan Tokes Law.

**CR-21-660865-A**

| Charge | Current Sentence | Modification | Total |
|---|---|---|---|
| Trafficking | 24 months served | The sentence in this case shall be | 24 months served |

| | consecutively to other cases. | served concurrent to the sentences in all other cases. | concurrently with other cases. |

**CR-22-667269-A**

| Charge | Prior Sentence | Modification | Total |
|---|---|---|---|
| *Aggravated robbery with one-year firearm specification | One-year firearm specification served prior and consecutively to 11-year maximum base sentence served consecutively to other cases. | 11 to 16.5 years per Reagan Tokes. | One-year firearm specification served prior and consecutively to 11-to-16.5-year maximum base sentence.<br><br>The sentence in this case shall be served consecutively to the sentences imposed in CR 22-666541-A and CR-21-665938-A. |

**CR 22-666541-A**

| Charge | Prior sentence | Modification | Total |
|---|---|---|---|
| *Aggravated robbery with three-year firearm specification | Three-year firearm specification prior and consecutive to 11-year maximum base sentence. Consecutive to other cases. (Eighteen-month sentence on grand theft charge merged into the aggravated robbery count.) | 11 to 16.5 years per Reagan Tokes.<br><br>The base sentence for this count will be served concurrently with the other counts in this case.<br><br>However, the sentence in this case shall be served consecutively with the sentences imposed in CR-22- | Three-year firearm specification served prior and consecutively to 11-16.5-year maximum base sentence.<br><br>The sentence in this case shall be served consecutively with the sentences imposed in CR-22-667269-A and CR-21-665938-A. |

| Charge | Prior sentence | Modification | Total |
|---|---|---|---|
| | | 667269-A and CR-21-665938-A. | |
| *Felonious assault with three-year firearm specification | Three-year firearm specification prior and consecutive to 8-to-12-year maximum base sentence. Consecutive to other cases. | 8 to 12 years per Reagan Tokes. The base sentence on this count will be served concurrently with the other counts in this case. | Three-year firearm specification prior and consecutive to 8 to 12-year maximum base sentence served concurrently with the other counts in this case. |
| Having a weapon while under disability | Three-year sentence served consecutive to other cases. | The sentence on this count will be served concurrently with the other counts in this case. | Three years concurrent with the other counts in this case. |

## CR-21-665938-A

| Charge | Prior sentence | Modification | Total |
|---|---|---|---|
| *Involuntary manslaughter with one-year firearm specification | One-year firearm specification prior and consecutive to 11-year maximum base sentence consecutive to other cases. | 11-to-16.5-year term per Reagan Tokes. One-year firearm specification merges with one-year firearm specification for failure to comply. R.C. 2929.14(B)(1)(b).[3] | 11-to-16.5-year term served consecutive to the sentence in this case for failure to comply. Firearm specification merges with failure to comply specification. |

---

[3] Except as permitted under R.C. 2929.14(B)(1)(g), which does not apply in this case, R.C. 2929.14(B)(1)(b) prohibits a court from imposing multiple consecutive prison terms on multiple firearm specifications for "felonies committed as part of the same act or transaction." *State v. Hardnett*, 8th Dist. Cuyahoga No. 107038, 2019-Ohio-3090, ¶ 7. For purposes of R.C. 2929.14(B)(1)(b), "transaction" has been defined as "'a series of

| Charge | Prior sentence | Modification | Total |
|---|---|---|---|
| | | | The sentence in this case shall be served consecutively to the sentences imposed in CR-22-667269-A and CR 22-666541-A. |
| Aggravated vehicular assault | One-year firearm specification plus 60-month base sentence consecutive to other cases. | Sixty-month base sentence served concurrently with the other counts in this case.<br><br>One-year firearm specification merges with one-year firearm specification for failure to comply. R.C. 2929.14(B)(1)(b). | 60 months concurrent with other counts in this case.<br><br>Firearm specification merges with failure to comply specification. |
| Aggravated vehicular assault | One-year firearm specification plus 60 months base sentence consecutive to other cases. | Sixty-month base sentence served concurrently with the other counts in this case.<br><br>One-year firearm specification merges with one-year firearm specification for failure to comply. R.C. 2929.14(B)(1)(b). | 60 months concurrent with other counts in this case.<br><br>Firearm specification merges with failure to comply specification. |

---

continuous acts bound together by time, space and purpose, and directed toward a single objective.'" *State v. Adkins*, 8th Dist. Cuyahoga Nos. 109184 and 109185, 2021-Ohio-1294, ¶ 17, quoting *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879 (Dec. 4, 1991).

| Charge | Prior sentence | Modification | Total |
|---|---|---|---|
| Failure to comply with one-year firearm specification | One-year firearm specification prior and consecutive to 36-month base sentence consecutive to other cases. | No change. | One-year firearm specification prior and consecutive to 36-month base term.<br><br>The sentence on this count shall be served consecutively with the sentence in this case for involuntary manslaughter. |
| Carrying a concealed weapon | 18 months consecutive to other cases. | 18 months concurrent with other cases. | 18 months concurrent with the other counts in this case. |

**Summary**

| | Firearm Specifications | Consecutive Terms for Base Charges | Totals |
|---|---|---|---|
| CR-21-660865-A | None | None | None (24 months concurrent only) |
| CR-22-667269-A | One year | 11 to 16.5 years | One year specification plus 11 to 16.5 years |
| CR 22-666541-A | Six years | 11 to 16.5 years | Six years specifications plus 11 to 16.5 years |
| CR-21-665938-A | One year | 11 to 16.5 years<br><br>36 months | One year specification plus 36-month definite term plus 11 to 16.5 years consecutive |

Thus, we modify Hayes's prison sentences as set forth above. The resulting sentences in cases CR-22-667269-A, CR 22-666541-A, and CR-21-665938-A shall be served consecutively to each other. The sentence in CR-21-660865-A shall be served concurrently with all other cases.

{¶ 29} In addition, the trial court informed Hayes during the plea that the failure to control count in CR-21-665938-A was subject to a Class one lifetime driver's license suspension and six points against his license. The trial court failed to impose the suspension at sentencing.

{¶ 30} We sustain Hayes's assignment of error and remand the case to the trial court to (1) impose the sentences as modified; (2) impose the Class one driver's license suspension, and (3) issue sentencing entries in each case consistent with this opinion. We affirm the trial court's judgment in all other respects.

## IV. Conclusion

{¶ 31} The case is affirmed in part, modified in part, and remanded to the trial court to impose sentence pursuant to this opinion.

It is ordered that costs are divided equally between the parties.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


EILEEN T. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 32} I concur in judgment only with the majority opinion and its determination that the record does not clearly and convincingly support the trial court's finding that Hayes's aggregate prison term is not disproportionate to the seriousness of his offenses or the danger he poses to the public. I further join the majority's application of R.C. 2929.14(B)(1)(b) in Cuyahoga C.P. No. CR-21-665938-A. I write separately to address the Ohio Supreme Court's decision in *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851 ("*Gwynne V*").

{¶ 33} In *Gwynne V*, the Ohio Supreme Court granted the state's motion for reconsideration and vacated its prior decision in *State v. Gwynne,* Slip Opinion No. 2022-Ohio-4607 ("*Gwynne IV*"). In doing so, the lead opinion in *Gwynne V* found that (1) *Gwynne IV*'s conclusion that R.C. 2953.08(G)(2) requires an appellate court to review the record de novo is contrary to the plain language of the statute, (2) R.C. 2929.14(C)(4) does not require express consideration of the aggregate prison term that results from the imposition of consecutive sentences, and (3) the record did not

clearly and convincingly fail to support the trial court's consecutive-sentence findings. *Id.* at ¶ 16, 18-24. Accordingly, the lead opinion granted the state's motion for reconsideration, vacated the prior decision in *Gwynne IV*, and affirmed the appellate court's judgment upholding the defendant's 65-year sentence.

{¶ 34} As recognized by Justice Stewart in the dissenting opinion, the lead opinion in *Gwynne V* consists of three justices, while the fourth justice determined that the motion for reconsideration was justified on procedural grounds. *Id.* at ¶ 47 (Stewart, J., dissenting). In the absence of a majority on the issues of law developed in the lead opinion, it is unclear what weight appellate courts should afford the lead opinion's discussion moving forward. Until further clarity and consensus is reached by the highest court in this state, I believe certain philosophies articulated in *Gwynne IV* remain persuasive, although not binding.

{¶ 35} In this regard, I do not disagree with *Gwynne V*'s recognition that a plain reading of R.C. 2953.08(G) does not support a de novo standard of review. And yet, consistent with the analysis contained in *Gwynne IV*, I adamantly believe that the proportionality finding contained in R.C. 2929.14(C)(4) requires the trial court to consider the aggregate prison term resulting from the imposition of multiple, consecutive sentences. *See Gwynne V* at ¶ 81, 94 (Brunner, J., dissenting). As articulated by Justice Brunner:

> R.C. 2929.14(C)(3) requires a proportionality analysis, meaning that a sentencing court must consider the aggregate term of imprisonment to be imposed because, without such consideration, there is no coherent way to evaluate whether multiple, consecutive sentences are

proportional to an offender's overall conduct for which the sentences have been imposed.

\* \* \*

I would continue to hold, as this court did in *Gwynne IV*, the R.C. 2929.14(C)(4)'s command that sentencing courts must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" means that those court must be able to articulate why the consecutive sentences that will actually be imposed, taken in the aggregate, are not disproportionate to the seriousness of the conduct and the danger to the public.

*Id*. at ¶ 81, 94.

{¶ 36} Based on the foregoing, I agree that the lead opinion in *Gwynne V* adopts a narrow interpretation of the proportionality requirement in R.C. 2929.14(C)(4) that will render it "virtually impossible for any defendant to ever successfully challenge an aggregate sentence imposed as a result of running multiple individual sentences consecutively." *Id*. at ¶ 48 (Stewart, J., dissenting). The lead opinion's objective approach promotes boilerplate recitations above the overarching purposes and principles of felony sentencing.

{¶ 37} Turning to the facts of this case, I do not wish to suggest that Hayes's conduct over the course of several days was somehow less serious than similarly situated offenders. Unfortunately, Hayes's conduct in this case reflects a growing pattern of armed violence in this community. Perhaps more tragic, is the common age these offenders tend to share. Consistent with this trend, there is no dispute that Hayes, then a teenager, engaged in a heinous pattern of conduct that left a trail of emotional and physical injuries. He facilitated a firearm to attack innocent

members of this community in their most vulnerable states and recklessly caused the death of a woman while evading the police. The resulting harm caused by his crime spree will be lasting, and the trial court was justified in utilizing R.C. 2929.14(C)(4) to severely punish Hayes.

{¶ 38} As previously discussed, however, a trial court must consider the aggregate sentence that inherently results from its application of R.C. 2929.14(C)(4) when multiple terms of imprisonment are ordered to run consecutively. Thus, while the stacking of *some* consecutive sentences was warranted in this case, the trial court was required to contemplate the significance of a sentence akin to a term of life when making its proportionality finding for the imposition of consecutive sentences on all counts — across multiple cases.

{¶ 39} In this case, the record reflects that the trial court did not contemplate the total length of the defendant's sentence until after the consecutive terms were imposed and defense counsel sought clarification as to the court's aggregate-sentence calculations. At that time, the court sought the parties' assistance and the state suggested that its calculation amounted to "71.5 [years]." (Tr. 136.) I do not wish to infer that the trial court did not consider the implications of its lengthy sentence in this matter. Nevertheless, applying the tenets promoted in Justice Brunner's dissenting opinion, I agree with the majority's conclusion that the aggregate sentence exceeded what is proportionate to the sentence necessary to protect the public and punish Hayes for his conduct. Under the terms of the sentence imposed by the trial court, Hayes would be released from prison following

his 91st birthday although he committed most of the underlying offenses when he was just 18 years old. In my view, the modified sentence imposed by this court carefully balances the relevant mitigating and aggravating circumstances involved in this case and imposes a prison term that is both proportionate to the severity of Hayes's conduct and consistent with sentences imposed on similarly situated offenders in this state.

{¶ 40} As previously mentioned, there is an epidemic of violence taking place in this county. Continued measures by community leaders, together with public support, is necessary to address the heightening levels of gun-related violence that has resulted in tragic outcomes such as those involved in this case. It is my position, however, that stacking prison terms in order to impose what amounts to a life sentence on such offenders is not a practical, governmental solution. It neither addresses the issues underlying the growing violence in this community, serves the rehabilitative goals of felony sentencing, nor promotes the best use of public resources.