[Cite as *State v. Keith*, 2024-Ohio-1591.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                                                         No. 113131

    v.                              :

GARY KEITH,                             :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670882-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Halie Turigliatti, Assistant Prosecuting Attorney, *for appellee*.

Mary Catherine Corrigan, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Gary Keith, appeals his sentence for gross sexual imposition and disseminating matter harmful to juveniles. Finding no merit to the appeal, we affirm.

{¶ 2} In 2022, appellant was charged with one count of attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(2), with a repeat violent offender specification, a sexual motivation specification, and a sexually violent predator specification; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1); one count of importuning in violation of R.C. 2907.07(B)(2); and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). The victim was appellant's neighbor, whom he had hired to do odd jobs around his house.

{¶ 3} According to a plea agreement with the state of Ohio, on January 30, 2023, the appellant pleaded guilty to one count of gross sexual imposition and the sole count of disseminating matter harmful to juveniles, felonies of the fourth and fifth degrees, respectively. The remaining counts and specifications were nolled. The trial court requested a presentence-investigation report and continued the matter for sentencing.

{¶ 4} On February 28, 2023, the trial court sentenced the appellant to a maximum sentence of 18 months for gross sexual imposition consecutive to 12 months on disseminating matter harmful to juveniles for a total sentence of 30 months in prison.

{¶ 5} The appellant raises two assignments of error for our review:

I. The trial court's sentence was contrary to law.

II. The appellant's constitutional right to due process was violated when the trial court was neither impartial [n]or neutral.

{¶ 6} In his first assignment of error, the appellant claims that his sentence was contrary to law.

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. In Ohio, there is a presumption that a defendant's multiple prison sentences will be served concurrently, *see* R.C. 2929.41(A), unless certain circumstances apply under R.C. 2929.14(C)(1)-(3) (factors not applicable to this case) or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4).

{¶ 8} Under R.C. 2929.14(C)(4), a trial court may order prison terms to be served consecutively if it finds "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Further, the court must also find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

R.C. 2929.14(C)(4).

**{¶ 9}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences only where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." *State v. Jones*, Slip Opinion No. 2022 1083, 2024-Ohio-1083, ¶ 12. R.C. 2953.08(F) requires an appellate court to review the entire trial court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4); *Jones* at *id.*

**{¶ 10}** Accordingly, to address the appellant's assigned error, we review the entire record and consider whether it does not clearly and convincingly support the trial court's consecutive-sentence findings. *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442, 2023-Ohio-4068, ¶ 41, citing *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5 ("*Gwynne III*").[1] *See also State v. Stiver*, 8th Dist. Cuyahoga No. 112540, 2024-Ohio-65; *State v. Elkins*, 8th Dist. Cuyahoga No. 112582, 2024-

---

[1] In *Trujillo*, as well as subsequent cases out of this court, we refer to *Gwynne*, Slip Opinion No. 2023-Ohio-3851, as "*Gwynne V.*" However, in *Jones*, the same case is referred to as "*Gwynne III.*" *See Jones* at ¶ 30 (Connelly, J., concurring). We will adopt the language of the Ohio Supreme Court in this opinion.

Ohio-68; *State v. Neal*, 8th Dist. Cuyahoga No. 112347, 2023-Ohio-4414.[2] Our review is deferential. *Neal* at ¶ 7, fn. 1.

{¶ 11} A trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry; however, the trial court is not obligated to state reasons to support its findings, "nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 12} Here, the appellant does not argue that the trial court failed to make the requisite statutory findings and our review of the record shows that the trial court did indeed make those findings. Appellant contends that the trial court failed to consider factors in R.C. 2929.11 and 2929.12 and the record is devoid of any evidence that he committed the crime of gross sexual imposition; therefore, the record did not support the imposition of consecutive sentences.

{¶ 13} Before the trial court imposed consecutive sentences, the appellant spoke and admitted that he touched the victim's thigh and showed her inappropriate images on his phone. Specifically, the appellant stated:

> Well, I'm here to give you the truth. On Count 3 [gross sexual imposition] I was charged with touching of [the victim's] thigh and I

[2] In *State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2023-Ohio-4119, a panel of this court applied a de novo standard of review, finding that the *Gwynne III* did not explicitly overrule *Gwynne II* because *Gwynne III* was a plurality decision. Upon reconsideration, however, this court vacated its decision in *Hayes* and followed *Gwynne III*. *See State v. Hayes*, 8th Dist. Cuyahoga No. 111927, 2024-Ohio-845.

did do that. * * * Count 5 [disseminating matter harmful to juveniles] was showing her something on my phone, some kind of pornography. I do remember doing that.

(Tr. 12.)

{¶ 14} Gross sexual imposition is defined, in pertinent part, as follows: "No person shall have sexual contact with another * * * when * * * [t]he offender purposely compels the other person * * * to submit by force or threat of force." R.C. 2907.05(A)(1). Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). The appellant claims there was no evidence he touched the victim's thigh for sexual gratification, but the appellant pleaded guilty to the crime of gross sexual imposition, admitting he did so in fact commit the offense.

{¶ 15} In sentencing the appellant to consecutive sentences, the trial court reviewed the presentence-investigation report, heard from the victim through her statement as read by the prosecutor, heard from the appellant, and reviewed the appellant's lengthy criminal history, which included prior convictions for sex offenses.

{¶ 16} The trial court made the following findings in imposing consecutive sentences:

The court makes the following findings with reference to its sentence. This court does find that consecutive sentences are necessary to protect the public from future crime. The court does find that consecutive

sentences are necessary to punish the offender. The court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct.

And I want to remark with reference to that because this kid was 17 years old. She was a perfect victim. She was working to try to help her family. She needed to help to provide some kind of financial support for her family and she had to — she thought she needed to do these jobs in order to help her family to overcome their circumstances and [the appellant] took advantage of that. He knew what her plight was, he knew what her struggles were, and he took advantage of that.

The court further finds that * * * the sentences are not disproportionate to the danger the offender poses to the public. As a comment, the court has noted his record already and he continues to engage in terrible, terrible offensive conduct both with females and with juvenile females. And this court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

{¶ 17} The trial court made the necessary findings to support the appellant's sentence, and the appellant has not shown that the court's findings are not supported by the record. Specifically, the trial court focused on the victim's age and vulnerability, the relationship that the appellant had with the victim, which facilitated the offense, and the appellant's lengthy criminal history including sex offenses.

{¶ 18} The appellant also challenges the maximum nature of his sentence, stating that the trial court failed to consider the sentencing factors found in R.C. 2929.11, purposes of felony sentencing, and R.C. 2929.12, seriousness, and recidivism factors.

{¶ 19} This court has held that "[a] trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is

within the statutory range for the offense, and the court considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Artis*, 8th Dist. Cuyahoga No. 111298, 2022-Ohio-3819, ¶ 12, citing *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302. *See also State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 3 (a court's imposition of any prison term, even a maximum term, for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12). While the trial court must consider the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *Pate* at ¶ 6. Consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 20} "Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Artis* at ¶ 13, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074. Here, the court stated in its sentencing journal entry that it considered all factors required by law.

{¶ 21} Based on the foregoing, we affirm the imposition of maximum, consecutive sentences. The trial court's findings were not clearly and convincingly unsupported by the record. Accordingly, the first assignment of error is overruled.

{¶ 22} In the second assignment of error, the appellant argues that his due process rights were violated because the trial court was biased against him and favored the victim.

{¶ 23} In determining whether purported judicial bias resulted in a due process violation, we presume that a judge is unbiased and unprejudiced in the matters over which he or she presides, and "'the appearance of bias or prejudice must be compelling in order to overcome the presumption.'" *Cleveland v. Goodman*, 8th Dist. Cuyahoga Nos. 108120 and 108678, 2020-Ohio-2713, ¶ 18, citing *State v. Eaddie*, 8th Dist. Cuyahoga No. 106019, 2018-Ohio-961, ¶ 18, quoting *State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 14.

{¶ 24} "'R.C. 2929.19 grants broad discretion to the trial court to consider any information relevant to the imposition of a sentence.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 31, quoting *State v. Asefi*, 9th Dist. Summit No. 26931, 2014-Ohio-2510, ¶ 8. "[E]ither the victim or the victim's representative, and any other person with approval of the trial court, may speak at the sentencing hearing." *State v. Stilson*, 7th Dist. Mahoning No. 08 MA 143, 2010-Ohio-607, ¶ 23. The trial court considered the presentence-investigation report and heard from the state, appellant, appellant's counsel, and the victim through a statement read to the court by the prosecutor. The appellant complains that the court constantly interrupted him during his allocution; however, the transcript reflects that the court interrupted the appellant to challenge his recitation of his

criminal history and his negative statements regarding the victim's gender identity — none of the court's statements evidence bias against the appellant.

{¶ 25} The appellant also claims that the trial court favored the victim over the appellant. Again, the transcript reveals no bias. On learning that the victim did not agree with the plea the state reached with the appellant, the court questioned the state regarding how the plea agreement was reached. The court also responded to the victim's statements in her impact letter, assuring her that the court had consideration for her "as a citizen in this county" just as the court had regard for "anyone who has appeared in this courtroom" in the court's 36 years on the bench.

{¶ 26} Having found no evidence of judicial bias, the appellant's due process rights were not violated. Accordingly, the second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR