[Cite as *State v. Preslar*, 2025-Ohio-553.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114146 |
| v. | : | |
| SHELBY PRESLAR, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-679717-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Elle English, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Shelby Preslar ("Preslar") appeals the trial court's journal entry sentencing her to 12 months in prison. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 1} In May 2022, Preslar broke into Emily Ogles's ("Victim") vehicle and took her purse, which contained Victim's personal and business credit cards. Preslar then used Victim's stolen credit cards to rent a vehicle from Enterprise Rent-A-Car ("Enterprise"). Preslar did not return the vehicle at the end of its rental period. Enterprise reported the vehicle as stolen to the Cleveland Division of Police.

{¶ 2} Resulting from these events, on May 14, 2024, Preslar pled guilty to unauthorized use of a vehicle, a first-degree misdemeanor in violation of R.C. 2913.03(A), and identity fraud, a fifth-degree felony in violation of R.C. 2913.49(B)(1).

{¶ 3} On June 11, 2024, the trial court sentenced Preslar to 12 months in prison for identity fraud, as well as to time served for unauthorized use of a vehicle. The trial court ordered that Preslar serve her 12-month sentence consecutively to a sentence she was already serving on a separate matter.

{¶ 4} Preslar appeals, raising the following assignment of error:

> The trial court's consecutive sentencing of Ms. Preslar was in error because the sentencing findings were clearly and convincingly not supported by the record.

## II. Law and Analysis

{¶ 5} Ohio's sentencing statutes presume that a defendant's multiple prison sentences will be served concurrently unless the trial court makes the required findings to support consecutive sentences under R.C. 2929.14(C)(4). R.C. 2929.41(A); *State v. Jones*, 2024-Ohio-1083, ¶ 11; *State v. Reindl*, 2021-Ohio-

2586, ¶ 14 (8th Dist.); *State v. Gohagan*, 2019-Ohio-4070, ¶ 28 (8th Dist.). "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . ., or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 6} Here, Preslar asserts that the trial court erred in imposing consecutive sentences because its findings were not supported by the record. Specifically, she argues that the trial court erroneously found that Preslar's conduct caused Victim to be arrested, when the only information in the record was that a warrant existed for her arrest. This misapprehension, argues Preslar, is why the trial court imposed a consecutive sentence. We disagree.

{¶ 7} This court "may increase, reduce, or otherwise modify a sentence . . . or may vacate the sentence and remand the matter to the sentencing court for resentencing" if "it *clearly and convincingly finds* . . . that the *record does not support* the sentencing court's findings under . . . (C)(4) of section 2929.14." (Emphasis in original.) *State v. Gwynne*, 2023-Ohio-3851, ¶ 12.

> R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings. The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative.

*Id.* at ¶ 13.

{¶ 8} The record supported the imposition of consecutive sentences. At the sentencing hearing, the trial court had before it a presentence-investigation report that detailed Preslar's extensive criminal history and heard from both Victim and Preslar. Preslar's criminal history included convictions for several similar crimes. Preslar had been convicted of two counts of theft and two counts of identity fraud in Mercer County, Ohio and of theft in Shelby County, Ohio. Preslar had also been convicted of attempted identity theft in two separate cases from Wake County, North Carolina. Defense counsel stated that Preslar "has a pretty lengthy history of substance abuse issues," which "clearly caught up with her throughout her criminal process." Preslar further explained, "Everything that I'm being charged with is like around the same timeframe. It's about a month apart." When asked by the court, "So you were on a spree then?" Preslar responded, "Yes, Your Honor."

{¶ 9} Victim described the impact of Preslar's crimes on her life. She explained that she was a small-business owner and that Preslar stole both personal and business credit cards. Because of Preslar's actions, her credit score fell from "800 down to . . . in the 500s," and her business's credit cards were cancelled. Further, Victim stated, "I was told there was a warrant out for my arrest" after Preslar failed to return the rental car.

{¶ 10} At the sentencing hearing, the trial court properly made the initial findings required by R.C. 2929.14(C)(4). The trial court stated a consecutive sentence is "necessary to punish you as well as to prevent future crimes on the public" and "only proper because the damage you have reeked [sic] on your victims and any further victims is a great damage, very stressful."

{¶ 11} The trial court also made findings under R.C. 2929.14(C)(4)(b) and (c) before imposing consecutive sentences. The trial court stated:

> You committed at least two of the multiple offenses as part of . . . one or more courses of conduct and the harm caused by these offenses is great and unusual so that 12 months alone does not adequately reflect the seriousness of the identity theft and the crimes you have committed and . . . your history demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶ 12} The record contained information that supported each of the trial court's findings. R.C. 2953.08(F) requires this court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed.

R.C. 2953.08(F)(1) through (4); *Jones*, 2024-Ohio-1083, at ¶ 12; *see also State v. Keith*, 2024-Ohio-1591, ¶ 10 (8th Dist.) (applying *Jones*). ("[W]e review the entire record and consider whether it does not clearly and convincingly support the trial court's consecutive-sentence findings."). We acknowledge that the trial court stated incorrectly, "[W]e heard from this victim. She was even under arrest because of [Preslar's] actions. . . ." Nonetheless, we find that the record, reviewed in its entirety, does not clearly and convincingly contradict the trial court's consecutive sentencing findings.

{¶ 13} Based on the foregoing, Preslar's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR