[Cite as *Solon v. Liu*, 2021-Ohio-2030.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF SOLON, | : | |
| Plaintiff-Appellee, | : | No. 109892 |
| v. | : | |
| CHUANBAO LIU, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 17, 2021

Criminal Appeal from the Bedford Municipal Court
Case No. 20CRB00384

### *Appearances:*

Lon D. Stolarsky, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Chuanbao Liu, appeals his conviction. He raises two assignments of error for our review:

> 1. The trial court committed plain error, and structural error, in failing to properly swear in and qualify as an expert the interpreter for Mr. Liu at trial, effectively rendering Mr. Liu not present.

2. Trial counsel for Mr. Liu provided ineffective assistance of counsel when he failed to object to the trial court's failure to properly swear in and qualify as an expert the interpreter for Mr. Liu at trial.

{¶ 2} Finding no merit to his assignments of error, we affirm the trial court's judgment.

## I.    Procedural History and Factual Background

{¶ 3} In March 2020, Liu was charged with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, in Bedford M.C. No. 20CRB00384.  His wife, Y.C., alleged that Liu hit her on the top of her head while he was teaching her how to drive a car.  Y.C. filed a motion for a domestic violence temporary protection order, and the trial court issued the order in both English and "Simplified Chinese."  Later that month, Liu was charged with violating the protection order in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor, in Bedford M.C. No. 20CRB00454.

{¶ 4} In July 2020, the trial court conducted a bench trial for both cases. Liu does not speak English, and the trial court appointed an interpreter.  Before opening statements, the trial court administered the following oath to the interpreter: "Do you swear to interpret fairly, justly, and accurately to the best of your ability so help you God?"  The interpreter responded, "I do."  The trial court then heard testimony from Y.C., two police officers, Liu, and Liu's 15-year-old son. The interpreter interpreted for both Liu and his son.  After the presentation of evidence and closing arguments, the trial court stated that it needed more time before announcing its decision.

**{¶ 5}** Later that month, the trial court found Liu to be guilty of domestic violence and not guilty of violating the protection order. It sentenced him to 30 days in jail, with 27 days suspended, and 3 days of credit for time served. The trial court also imposed a $250 fine, which it suspended. It ordered Liu to serve one year of inactive probation with the conditions of "1) no similar offenses charged, 2) no temporary protection orders issued or violent offenses charged, 3) no criminal offenses charged, 4) counseling as recommended by probation dept.[, and] 5) comply with all standard terms and conditions established by the probation department." The trial court terminated the temporary protection order and acknowledged that the domestic relations court had issued a civil protection order.

**{¶ 6}** It is from this judgment that Liu timely appeals.

## II.  Interpreter's Oath and Qualifications

**{¶ 7}** In his first assignment of error, Liu argues that the trial court failed to properly swear in the interpreter and qualify her as an expert. He maintains that although the record reflects that the trial court swore in the interpreter, the oath fails to comply with R.C. 2311.14(B). He further contends that other than her name, the record contains no information about the interpreter, such as her educational background or qualifications. Liu argues that the record therefore does not show that the translation complied with the law, and "we can have no confidence" that he was "effectively present" at trial. Liu contends this was structural error, or in the alternative, plain error.

{¶ 8} "A structural error occurs when a defendant suffers a violation of his constitutional rights." *Cleveland v. Mincy*, 2018-Ohio-3565, 118 N.E.3d 1163, ¶ 35 (8th Dist.). Such an error "affect[s] the framework within which the trial proceeds" and is more than "simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). "[A] structural error *mandates* a finding of 'per se prejudice.'" (Emphasis sic.) *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, citing *Campbell v. Rice*, 302 F.3d 892, 900 (9th Cir. 2002). The Ohio Supreme Court has emphasized that there is a "strong presumption" that errors are not structural where the defendant had counsel and the judge was impartial. *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 16. The Ohio Supreme Court has also cautioned us from applying a structural-error analysis when the error was not raised in the trial court and a plain-error analysis would otherwise govern. *State v. Hill*, 92 Ohio St.3d 191, 199, 749 N.E.2d 274 (2001); *State v. Machuca*, 2016-Ohio-5833, 70 N.E.3d 1180, ¶ 29 (8th Dist.).

{¶ 9} Here, Liu was represented by counsel, and he does not argue that the trial judge was biased. Accordingly, there is a presumption that the errors he alleges do not fall within the limited category of structural errors. Liu also failed to raise any objection at trial regarding the interpreter, her oath, or her qualifications. After swearing in the interpreter, the trial court asked, "anybody have any objection to how we're doing this today with the interpreter?" Counsel for both parties responded that they had no objection. Throughout the trial, no issues or objections

were raised regarding the interpreter. We therefore review Liu's arguments under a plain-error standard. *See also State v. Kami*, 5th Dist. Delaware No. 19 CAC12 0065, 2020-Ohio-5110, ¶ 34, citing *State v. Rosa*, 47 Ohio App.3d 172, 175, 547 N.E.2d 1232 (8th Dist.1988) (If no party raises an objection "to the qualifications of the interpreter, the usage of a language-skilled interpreter instead of a certified or provisionally qualified interpreter, or to the ability of the interpreter to effectively interact with appellant, we apply a plain-error standard of review.").

{¶ 10} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The plain-error rule is to be invoked only under exceptional circumstances to avoid a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1987). Plain error does not occur unless, but for the error, the outcome of the trial clearly would have been different. *Id.*

{¶ 11} Appointment of interpreters is addressed by the Rules of Evidence and the Ohio Revised Code.[1] Evid.R. 604 provides that "[a]n interpreter is subject

---

[1] The Ohio Rules of Superintendence also address court appointment of interpreters. Ohio Sup.R. 88(D) "provides a hierarchy for preferred candidates [of interpreters]: (1) a Supreme Court of Ohio certified foreign language interpreter; (2) a provisionally-qualified foreign language interpreter; (3) a language-skilled foreign language interpreter; and (4) telephonic interpreter." *State v. Gaspareno*, 2016-Ohio-990, 61 N.E.3d 550, ¶ 63 (3d Dist.), citing Sup.R. 88(D)(1)-(4). As the city points out, Sup.R. 88(D)(2) provides that when a certified interpreter is unavailable, a court may appoint one of the other tiers of interpreters and "shall summarize on the record its efforts to obtain" a certified interpreter. Although the city asserts that the interpreter here was a provisionally qualified interpreter, this fact is not in the record. We therefore do not know whether she was a certified interpreter and cannot evaluate the trial court's compliance with Sup.R. 88(D)(2).

to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation." Thus, an interpreter must qualify as an expert under Evid.R. 702. R.C. 2311.14(B) also states in relevant part:

> Before entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability.

{¶ 12} Here, the interpreter took an oath that she would "interpret fairly, justly, and accurately to the best of [her] ability[.]" Liu argues that this oath failed to comply with R.C. 2311.14(B) because she did not swear to make a "true" interpretation or identify specifically what she would be interpreting and to whom. He also contends that the trial court failed to comply with Evid.R. 604 because it did not identify the interpreter's qualifications on the record. However, these arguments, without any showing that the interpreter made untruthful interpretations, fail to demonstrate plain error. As the Tenth District explained in *State v. Newcomb,* 10th Dist. Franklin No. 03AP-404, 2004-Ohio-4099, ¶ 24-25, the failure to properly swear in the interpreter or evaluate her qualifications does not establish plain error if there is no evidence that the interpreter failed to make truthful interpretations:

> The alleged failure to administer the oath does not constitute plain error. There is no evidence in the record or presented by appellant that the interpreter failed to either make a truthful interpretation of the proceedings to appellant or truly repeat the statements made by appellant to the court, to the best of the interpreter's ability. As such,

any alleged error in failing to administer the oath to the interpreter does not affect the fairness, integrity, or public reputation of appellant's plea. As such, plain error is not present.

Also, the alleged failure to qualify the interpreter as an expert witness does not constitute plain error. There is no evidence which indicates the interpreter was not qualified to interpret American sign language. As such, the fact the interpreter was not qualified as an expert witness does not undermine or call into question the fairness, integrity, or public reputation of appellant's plea.

{¶ 13} Liu does not claim that the interpreter failed to make truthful interpretations or that she was unqualified to interpret the proceeding for him. He raises no issue with her performance whatsoever. Nor does the record indicate that the trial court or parties had any problem with the interpreter. Before the trial started, the trial court made sure that everybody could hear the interpreter. Liu testified and was able to respond to questions from counsel. The interpreter asked clarifying questions when necessary. After closing arguments, the trial court told the interpreter that she "did a very good job today." Liu has pointed to no evidence and makes no argument that the interpreter was untruthful or that he could not understand her.

{¶ 14} After reviewing the record, we conclude that the trial court did not commit plain error. There is no evidence that the outcome of the trial clearly would have been different but for the specific wording in the interpreter's oath or the trial court's failure to put the interpreter's qualifications on the record.

{¶ 15} We therefore overrule Liu's first assignment of error.

### III.  Ineffective Assistance of Counsel

{¶ 16}  In his second and final assignment of error, Liu argues that his trial counsel was ineffective for not objecting to the trial court's failure to properly swear in and qualify as an expert the interpreter.  He contends that because the record does not show that his interpreter was qualified or properly sworn in, "an outside observer can have no confidence" that he understood what was happening at trial.

{¶ 17}  The defendant carries the burden of establishing a claim of ineffective assistance of counsel on appeal.  *State v. Corrothers*, 8th Dist. Cuyahoga No. 72064, 1998 Ohio App. LEXIS 491, 19 (Feb. 12, 1998).  To gain reversal on a claim of ineffective assistance of counsel, a defendant must show that (1) his or her "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The first prong of the *Strickland* test requires the defendant to show "that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  *Strickland's* second prong requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

{¶ 18}  Even if defense counsel's performance were deficient because he did not object to the interpreter's oath or qualifications, there is nothing in the record to show that the result of the proceeding would have been different if he objected.  As previously discussed, the record reflects no evidence to support a finding that the interpreter gave an untruthful interpretation of the proceeding or that she was

unqualified to interpret. Liu has simply not shown that but for his counsel's failure to object, the result of the proceeding would have been different. Accordingly, Liu is unable to establish his claim of ineffective assistance of counsel.

**{¶ 19}** We therefore overrule Liu's second assignment of error.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EMANUELLA D. GROVES, J., CONCUR