[Cite as *State v. Walker*, 2023-Ohio-4417.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,            :

                              No. 112546

    v.                              :

ANDRE WALKER,                            :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-675355-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee*.

The Goldberg Law Firm LLC and Adam Parker, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Andre Walker ("Walker") appeals the trial court's journal entry sentencing him to 60 months in prison. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On February 28, 2023, Walker pled guilty to receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51(A); theft/aggravated theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1); and six counts of breaking and entering, each fifth-degree felonies in violation of R.C. 2911.13(A).

{¶ 3}  On March 15, 2023, the trial court sentenced Walker to 12 months in prison on each of the eight counts.  Four of the breaking and entering counts and the receiving stolen property count were ordered to be served consecutively, while the remaining three counts were ordered to be served concurrently for an aggregate prison term of 60 months.

{¶ 4}  It is from this order that Walker appeals raising the following assignment of error: "The trial court erred in imposing consecutive sentences."

## II.  Law and Analysis

{¶ 5}  "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 6} Here, Walker argues that the trial court erred in imposing consecutive sentences because his conduct was not part of "a course of conduct, and consecutive sentences were not necessary to protect the public."[1] We disagree.

{¶ 7} At the sentencing hearing, the trial court made the initial findings required by R.C. 2929.14(C)(4) when it stated that it "finds that consecutive service is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that you, Mr. Walker, pose to the public."

{¶ 8} The trial court also made findings under R.C. 2929.14(C)(4)(b) and (c) before imposing consecutive sentences. The court found both that Walker's history of criminal conduct demonstrated a need for consecutive sentences to protect the public from future crime by Walker and that Walker's crimes were part

---

[1] Walker does not challenge whether the court's findings were incorporated into the sentencing entry, and we note that the trial court did incorporate each of its consecutive-sentencing findings into its final sentencing entry.

of one or more courses of conduct. We find both findings are supported by the record. Notably, R.C. 2929.14(C)(4) requires only that the trial court make findings under one subsection. As a result, if this court finds that one of the subsection findings is supported by the record, Walker's assignment of error must be overruled.

**A. Necessary to Protect the Public**

{¶ 9} Walker challenges the court's finding that consecutive sentences are necessary to protect the public. Walker is not specific as to whether he is challenging the trial court's initial finding that consecutive sentences are necessary to protect the public or the specific finding under subsection (c) that Walker's history of criminal conduct demonstrates a need for consecutive sentences to protect the public from future crime. We find that the evidence in the record was sufficient to support both.

{¶ 10} At Walker's sentencing hearing, the trial court detailed Walker's history of criminal conduct, which dated back to 1991. According to the trial court's summary, Walker's criminal history includes convictions for the following crimes in the following years:

Receiving Stolen Property: 1991

Breaking and Entering: 1992, 2004, 2005, 2006, 2007, 2009, 2010, 2012, 2013, 2014, and 2016

Attempted Robbery: 1992

Aggravated Burglary: 1992 and 2014

Attempted Escape: 2001

Drug Possession: 2003 and 2006

Theft: 2006 and 2007

Aggravated Theft:  2012

Gross Sexual Imposition:  2014

During some years, Walker was convicted multiple times for each offense.  The court pointed out that Walker had 19 prior convictions for breaking and entering.  Five of Walker's convictions in this case were for breaking and entering.

{¶ 11} In light of the foregoing, the court's finding that consecutive sentences are necessary to protect the public from future crime by Walker is supported by evidence in the record.  This alone is sufficient to affirm the trial court's decision to impose consecutive sentences.

{¶ 12} Accordingly, we need not address whether the record supports the court's additional finding that Walker's crimes were part of a course of conduct.  Walker's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR