[Cite as *State v. Contes*, 2024-Ohio-2580.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113215 |
| v. | : | |
| JOSE CONTES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 3, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676509-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alicia Paolucci, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Appellant Jose Contes ("Contes") appeals his sentence, alleging the trial court erred when it sentenced him to consecutive, maximum sentences. Contes also alleges he received ineffective assistance of counsel when his trial counsel failed to secure an interpreter at sentencing despite the fact English is not his first language

and he is hearing impaired. After reviewing the facts of the case and pertinent law, we affirm the decision of the trial court, but remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc journal entry reflecting the findings made in open court.

## I.    Facts and Procedural History

{¶ 2}    Contes was indicted on December 9, 2022, for 12 counts stemming from his alleged abuse of three different child victims over a ten-year period. The victims were the daughter and two nieces of Contes's then-girlfriend.

{¶ 3}    On July 25, 2023, Contes entered into a plea agreement with the State whereby he pled guilty to Count 2, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4); Count 4, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4); and Count 8, which was amended to sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(1). Count 2 was in relation to victim S.S., Count 4 was in relation to victim D.S., and Count 8 was in relation to victim K.R. Counts 1, 3, 5, 6, 7, and 9 through 12 were nolled. The plea agreement also stated that the offenses were not allied offense of similar import, mandatory prison sentences attached to each count, and Contes was to be classified by law as a Tier III sex offender.

{¶ 4}    At the plea hearing, after engaging in the required Crim.R. 11 colloquy, the trial court accepted Contes's guilty plea finding that he knowingly and voluntarily entered into this plea with full understanding of his constitutional and trial rights. At the behest of Contes's trial counsel, the court ordered the probation

department to prepare a presentence-investigation and mitigation-of-penalty report.

## A. Sentencing Hearing

{¶ 5} At the sentencing hearing on August 30, 2023, Contes was given an opportunity to address the court. He apologized and expressed remorse for his actions.

{¶ 6} The prosecutor read letters from the three victims and Contes's ex-girlfriend, who is the mother of one of the victims and aunt to the other two victims. The victims each expressed how traumatic the abuse was, how scared they still were, especially of men, and how their overall well-being has suffered because of Contes's abuse. The current boyfriend of Contes's ex-girlfriend also spoke in court expressing his understanding of how Contes abused his girlfriend and her child. He spoke about the trust the family had reposed in Contes and explained that Contes violated that trust by sexually abusing his girlfriend's daughter and her cousins.

{¶ 7} The State provided the following information. While living with his ex-girlfriend over a significant period of time, Contes abused her daughter and two nieces. All the victims were children ranging in age from 5 to 12. The State explained that Contes made one victim lick and touch his penis. He would go into another victim's bedroom at night and touch her vagina. He made the third victim strip naked in the basement while he masturbated in the corner; he even penetrated her. This abusive behavior was repeated on multiple occasions over a significant period of time.

{¶ 8} The trial court sentenced Contes to 60 months in prison for each count, to be served consecutively, and imposed a $250 fine for each count. The trial court found Contes to be a Tier III sex offender and explained the registration requirements to him. The trial court explained that upon release, Contes would be subject to a mandatory five-year period of postrelease control. The last condition of his sentence required that, upon completion of the prison term, Contes would never have contact with any of the victims again. The court asked multiple times if Contes understood the sentencing conditions and each time Contes responded that he understood.

{¶ 9} At Contes's sentencing hearing, the trial court made the following findings to support its decision to impose consecutive sentences:

> This Court does find that consecutive sentences are necessary to protect the public from future crime. And when the Court arrives at that conclusion, the Court considers the systemic way that he approached this so that these girls were divided but each one was conquered in and it's in the same kind of way.
>
> The Court considers that consecutive sentences are necessary to punish the offender. And the Court does find that his conduct was almost criminally designed against these three kids. The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. The Court does find that the consecutive sentences are not disproportionate to the danger the offender poses to the public.
>
> And the Court does find that this was a scheme; that the adults involved in this case were kept in the dark; that they trusted him; that they trusted him with their kids; that they believed that he was a — almost like a family member in many instances and a trusted friend; and they had no reason to suspect that their daughters were in danger around him; and this was an absolute act of betrayal of that trust to these parents.

And that the danger that has been imposed on these young girls that's been described in both the probation report and the information that they provided to the Court is long-lasting and may be for a lifetime. So, therefore, the Court has imposed consecutive sentences.

{¶ 10} On appeal, Contes raises three assignments of error for our review:

ASSIGNMENT OF ERROR I
The trial court erred when it ordered consecutive sentences without support in the record for the requisite statutory findings under R.C. 2953.08(g)(2) and R.C. 2929.14(c)(4).

ASSIGNMENT OF ERROR II
The trial court erred when it imposed maximum sentences without support in the record for the requisite statutory findings under R.C. 2953.08(g)(2) and R.C. 2929.14(c)(4).

ASSIGNMENT OF ERROR III:
Appellant was denied the effective assistance of counsel at his sentencing when his attorney failed to secure an interpreter despite both his limited facility with the English language and his hearing deficit.

## II. Law and Argument

### A. Contes's First Assignment of Error — Consecutive Sentencing

{¶ 11} Contes's first assignment of error concerns whether the trial court erred by imposing consecutive sentences because the record did not support findings the trial court made as required by R.C. 2929.14(C)(4) such that the sentence is unlawful. We disagree.

{¶ 12} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 16; *see also State v. Keith*, 2024-Ohio-1591, ¶ 7 (8th Dist.).

In Ohio, there is a presumption that a defendant's multiple prison sentences will be served concurrently, *see* R.C. 2929.41(A), unless

certain circumstances apply under R.C. 2929.14(C)(1)-(3) (factors not applicable to this case) or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4).

*Keith* at ¶ 7.

{¶ 13} Under R.C. 2929.14(C)(4), a trial court may order prison terms to be served consecutively if it finds "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Further, the court must also find any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

R.C. 2929.14(C)(4); *Keith* at ¶ 8.

{¶ 14} R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a court may overturn the imposition of consecutive sentences only where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise

contrary to law." *State v. Jones*, 2024-Ohio-1083, ¶ 12; *see also Keith* at ¶ 8 (applying *Jones*). "It is well-established that where a trial court has imposed consecutive sentences in a sentencing journal entry, but failed to make all of the requisite statutory findings in support of the imposition of consecutive sentences at the sentencing hearing, the imposition of consecutive sentences is contrary to law." *State v. Philpot*, 2020-Ohio-104, ¶ 27 (8th Dist.). *See, e.g., State v. Tidmore*, 2019-Ohio-1529, ¶ 21 (8th Dist.); *State v. Lariche*, 2018-Ohio-3581, ¶ 25 (8th Dist.). *See also State v. Percy*, 2024-Ohio-664, ¶ 9 (8th Dist.), citing *State v. Matthews*, 2015-Ohio-4072, ¶ 18 (8th Dist.), citing *State v. Frost*, 2014-Ohio-2645, ¶ 10 (8th Dist.).

{¶ 15} R.C. 2953.08(F) requires an appellate court to review the entire trial court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4); *Jones* at ¶ 12; *see also Keith*, 2024-Ohio-1591, at ¶ 8 (8th Dist.) (applying *Jones*).

{¶ 16} When imposing consecutive sentences, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and it must incorporate its findings into its sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. That being said, the trial court is not obligated to state reasons to support its findings, "nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶ 17} Courts have "acknowledged there is a 'high degree of overlap' between a proportionality finding under R.C. 2929.14(C) and a finding under [R.C. 2929.14(C)(4)(b)] regarding the seriousness and severity of harm caused by an offender's conduct.'" *State v. Bland*, 2020-Ohio-4662, ¶ 20 (10th Dist.), quoting *State v. Fields*, 2017-Ohio-661, ¶ 20 (10th Dist.). *See also State v. Vokas*, 2014-Ohio-171, ¶ 20 (10th Dist.). In *Fields*, the court observed:

> Given the high degree of overlap between these two sections of the statute, the trial court's use of the specific language of R.C. 2929.14(C)(4)(b), rather than the language specified by R.C. 2929.14(C)(4), does not alter our perception that the trial court conducted the necessary proportionality analysis and made the required finding.

Thus, in the appropriate context, a trial court's findings may be applicable to more than one statutory requirement. Indeed, "a word-for-word recitation of the language of the statute is not required and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 18} Here, applying R.C. 2929.14(C)(4)(b), the trial court found that consecutive sentences were necessary to protect the public because he committed multiple offenses as part of a "scheme" "criminally designed" against the victims. As part of the scheme, the trial court found that Contes kept the victims' parents "in the dark" even though they trusted him with their children. The trial court found that Contes took advantage of the trust the parents placed in him to sexually abuse their

children. Indeed, the trial court found that Contes's conduct "was an absolute act of betrayal of that trust[.]" The trial court also described the "long-lasting" harm Contes caused the victims, noting that the harm may last "a lifetime." For these reasons, the trial court concluded that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct."

{¶ 19} We cannot clearly and convincingly find that the record does not support these findings. *See State v. Walker*, 2023-Ohio-4417, ¶ 8 (8th Dist.) (The statute "requires only that the trial court make findings under one subsection" of R.C. 2929.14(C)(4)(a)-(c). "As a result, if this court finds that one of the subsection findings is supported by the record, Walker's assignment of error must be overruled.").

{¶ 20} The journal entry issued by the court, however, does not reflect the consecutive-sentence findings articulated by the trial court at sentencing. The trial court's journal entry instead states that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The trial court made no such finding in open court, and the record in this case demonstrates that Contes did not have any criminal history.

{¶ 21} Trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision. *State v. Liddy*, 2022-Ohio-1673, ¶ 16 (8th Dist.) (remanded case to correct clerical error in judgment entry so that the judgment entry to reflect the findings made pursuant to

2929.14(C)(4)(c)), citing *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19; Crim.R. 36.

{¶ 22} We, therefore, overrule Contes's first assignment of error and affirm the trial court's imposition of consecutive sentences, but we remand to the trial court for the limited purpose of issuing a nunc pro tunc order to correct the journal entry to match the findings made in open court.

### B. Assignment of Error No. 2 — Imposition of Maximum Sentences

{¶ 23} Contes also challenges the court's imposition of maximum sentences alleging the trial court failed to consider the sentencing factors found in R.C. 2929.11, purposes of felony sentencing, and R.C. 2929.12 seriousness and recidivism factors. This court has held

> [a] trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

*State v. Artis*, 2022-Ohio-3819, ¶ 12 (8th Dist.), citing *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.).

> While the trial court must consider the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. Consideration of the factors is presumed unless the defendant affirmatively shows otherwise. Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.

(Cleaned up.) *Keith*, 2024-Ohio-1591, at ¶ 19-20 (8th Dist.).

**{¶ 24}** Here, Contes pled guilty to three third-degree felonies in violation of R.C. 2907.05 and 2907.03, each of which has a sentencing range of 12 to 60 months. *See* R.C. 2929.14(A)(3). As such, the trial court's sentence of 60 months for each count is within the statutory range. Further, the trial court stated in its sentencing journal entry that it considered all the factors required by R.C. 2929.11 and 2929.12, and Contes did not affirmatively demonstrate otherwise. Based on the foregoing, we affirm the imposition of the trial court's maximum sentences and accordingly overrule Contes's second assignment of error.

## C. Assignment of Error No. 3 — Ineffective Assistance of Counsel

**{¶ 25}** Contes's third assignment of error alleges he was denied effective assistance of counsel in two instances: first when his trial counsel failed to secure an interpreter for him because English is not his first language and, second by not securing alternative means of communication due to Contes's impaired hearing. Contes alleges these deficiencies prejudiced his mitigation argument at sentencing. We disagree that his trial counsel was ineffective.

**{¶ 26}** As this court has stated:

> The defendant carries the burden of establishing a claim of ineffective assistance of counsel on appeal. *State v. Corrothers*, 8th Dist. Cuyahoga No. 72064, 1998 Ohio App. LEXIS 491, 19 (Feb. 12, 1998). To gain reversal on a claim of ineffective assistance of counsel, a defendant must show that (1) his or her "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of the Strickland test requires the defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Strickland's second prong requires the defendant to show "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Solon v. Liu,* 2021-Ohio-2030, ¶ 17 (8th Dist.). "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Marriott*, 2021-Ohio-2845, ¶ 11 (8th Dist.).

{¶ 27} Based on our review of the record, we find Contes's trial counsel's performance was not deficient. The transcripts from both the plea and sentencing hearings reveal no English deficiencies or inability to hear on the part of Contes. Nothing indicated that he was unable to understand or hear what the judge was saying to him. Contes was asked several times throughout both the plea and sentencing hearings if he understood what was being said to him, to which he consistently replied he understood. For example, during his plea hearing, the trial court explicitly asked, "Are you able to understand this proceeding as it is occurring?" Contes replied, "Yes, your Honor." At no point during either hearing did Contes state that he was not able to understand what was being said to him because of a language barrier or an inability to hear. As such, we find Contes has failed to meet his burden of establishing ineffective assistance of his trial counsel because his counsel's performance was objectively reasonable and not deficient in this regard.

{¶ 28} Contes's third assignment of error is overruled.

{¶ 29} Judgement is affirmed but the case is remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry to correct the journal entry to match the findings made in open court pursuant to R.C. 2929.14(C)(4).

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR