[Cite as *State v. Harnish*, 2025-Ohio-431.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CODY M. HARNISH,

        Defendant-Appellant.

CASE NO. 2024-L-045

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 000335

**O P I N I O N**

Decided: February 10, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Cody M. Harnish ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas sentencing appellant to consecutive prison terms on his convictions of three counts of Unlawful Sexual Conduct with a Minor. Appellant argues that the sentences are not supported by the record and that the trial court's imposition of consecutive sentences is contrary to law.

{¶2} Upon review, the record supports the imposition of consecutive sentences. Further, the trial court's imposition of consecutive sentences complies with R.C.

2929.14(C)(4) and the sentences are not otherwise contrary to law. The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶3} On March 24, 2022, a complaint was filed in the Painesville Municipal Court in Case No. 2022 CRA 422. The complaint charged appellant with Unlawful Sexual Conduct with a Minor, a third-degree felony, in violation of R.C. 2907.04(A). A probable cause hearing was held, and a warrant for appellant's arrest was issued. Appellant entered a plea of not guilty at arraignment on March 30, 2022. A preliminary hearing was waived by appellant, and the case was bound over to the Lake County Court of Common Pleas.

{¶4} On July 1, 2022, an information was filed charging appellant with three counts of Unlawful Sexual Conduct with a Minor, third-degree felonies, in violation of R.C. 2907.04(A).

{¶5} On August 4, 2022, appellant appeared with counsel, waived his rights, and entered a plea of guilty to the charges as contained in the information. The State offered the following factual basis at the plea hearing:

> The evidence would show that throughout June of 2021, July of 2021 and August of 2021 in Painesville, Lake County, Ohio the defendant was 25 and 26 years old, his birthday is July 18th of 1995 and the victim CB was 14 years old throughout that time. And the defendant engaged in . . . sexual conduct with the victim. She was not his spouse. The relationship between them was that she was the younger sister of a friend of his, a friend he's had for a long time and he knew that she was 14 years old.

Dkt. 57, T.p. Vol. I, Plea hearing, p. 18-19.

2

Case No. 2024-L-045

{¶6} A presentence investigation ("PSI") and psychological evaluation were ordered.

{¶7} A sentencing hearing was held on September 14, 2022. The trial court sentenced appellant to prison terms of thirty-six (36) months on Count 1, forty-eight (48) months on Count 2, and forty-eight (48) months on Count 3. The sentences were ordered to be served consecutively to each other for an aggregate prison term of eleven (11) years. Appellant was further informed of his status as a Tier II sex offender/child victim offender registrant and his duty to register.

{¶8} On July 1, 2024, nearly two years after sentencing, appellant filed a motion for delayed appeal. This Court granted the motion on July 23, 2024. Appellant raises a single assignment of error for review: "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences of thirty-six months on Count One, forty-eight months on Count Two, and forty-eight months on Count Three, totaling eleven years, as that sentence is contrary to law."

**Consecutive Sentences**

{¶9} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.' " *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). *See State v. Glover,* 2024-Ohio-5195. " '[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set

3

Case No. 2024-L-045

forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶10} "The Supreme Court of Ohio has held that while 'R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.'" *State v. Feidler*, 2024-Ohio-2040, ¶ 10 (11th Dist.) *appeal not accepted*, 2024-Ohio-4501, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28. While R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, the trial court's imposition of consecutive sentencing is reviewable under R.C. 2953.08(G)(2).

{¶11} "A court may order consecutive prison terms if it finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present." *State v. Campbell*, 2023-Ohio-4597, ¶ 11 (11th Dist.). "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.' " *Id.*, quoting *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.).

{¶12} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the

4

offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" *State v. Passalacqua*, 2023-Ohio-3525, ¶ 27 (11th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37]. Otherwise, 'the imposition of consecutive sentences * * * is contrary to law.' *Id.*" *Passalacqua* at ¶ 27.

{¶14} Appellant does not dispute, or otherwise contest, that the trial court made the necessary statutory findings. Appellant asserts that the trial court's sentence is contrary to law as the record does not support consecutive sentences. Specifically, he

5

argues that while the trial court made the necessary findings under R.C. 2929.14(C)(4), "the support the court utilizes for the first prong of R.C. 2929.14(C)(4) is in actuality the basis of the further finding under R.C. 2929.14(C)(4)(b)."

{¶15} R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(b) both serve as additional guideposts to the trial court when determining the appropriate sentence. R.C. 2929.14(C) requires a trial court to determine whether a sentence is "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In other words, the trial court is tasked with determining whether a consecutive sentence is too harsh in relation to the defendant's conduct and the danger the defendant poses to the public. Whereas, R.C. 2929.14(C)(4)(b) requires a court to determine, among other things, that "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses . . . adequately reflects the seriousness of the offender's conduct." Put simply, the trial court then must affirmatively find that a single prison term is not sufficient for any of the offenses.

{¶16} These determinations are related, but distinct. While both require the trial court to consider the conduct of the defendant, the trial court is considering the defendant's conduct through different lenses. Various appellate "[c]ourts have 'acknowledged there is a "high degree of overlap" between a proportionality finding under R.C. 2929.14(C) and a finding under [R.C. 2929.14(C)(4)(b)] "regarding the seriousness and severity of harm caused by an offender's conduct." ' " *State v. Contes*, 2024-Ohio-2580, ¶ 17 (8th Dist.) quoting *State v. Bland*, 2020-Ohio-4662, ¶ 20 (10th Dist.). See also, *State v. Fields*, 2017-Ohio-661, ¶ 20 (10th Dist.). "Thus, in the appropriate context, a trial court's findings may be applicable to more than one statutory requirement. Indeed, 'a

6

Case No. 2024-L-045

word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.'" *Contes* at ¶ 17 quoting *Bonnell,* 2014-Ohio-3177 at ¶ 29.

{¶17} The trial court made the following findings at the sentencing hearing:

> And I'm going to order that those sentences be consecutive to one another. I'm going to find that consecutive sentences are necessary for the appropriate punishment for these offenses and that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger you pose to the public because as it's been reiterated you knew it was wrong going in and after you did it once, you did it nine more times. And at least two of these offenses were committed as part of a course of conduct and the harm caused by at least two of the offenses is so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct.

Dkt. 57, T.p. Vol. II, Sentencing hearing, p. 31.

{¶18} These findings were incorporated in the sentencing entry:

> Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public and/or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

Dkt 35, Sentencing entry, p. 2.

Case No. 2024-L-045

{¶19} The trial court made the required findings in accordance with R.C. 2929.14(C)(4). While the trial court mentioned that appellant repeatedly engaged in the conduct alluding to the 2929.14(C)(4)(b) as the basis of its proportionality finding, as noted above, a trial court's finding may be applicable to more than one statutory requirement. *Contes*, 2024-Ohio-2580, at ¶ 17 (8th Dist.). Here, the trial court determined that appellant's repeated conduct was serious and that appellant engaged in the behavior despite knowing that the conduct was wrong. This is directly related to the proportionality finding in R.C. 2929.14(C)(4) wherein the trial court finds that consecutive sentences are not disproportionate to the seriousness of the conduct. This finding is also applicable to R.C. 2929.14(C)(4)(b), which requires a finding that the offenses were committed as part of a course of conduct and the harm was so great or unusual that a single prison term is not sufficient to address the seriousness of appellant's conduct. Therefore, the record wholly supports the trial court's finding on each of the required findings to impose consecutive sentences.

{¶20} Appellant also argues in his merit brief that his "conduct could have adequately been addressed in the amount of prison time punishable on one F(3), or in other words, 5 years." In other words, he disagrees with the trial court's finding under R.C. 2929.14(C)(4)(b).

{¶21} The Ohio Supreme Court made it clear that "an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (plurality). This was reiterated in *State v. Glover*, 2024-Ohio-5195, wherein the Court concluded that an "appellate court must limit its

8

Case No. 2024-L-045

review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings" and that an appellate court is not permitted to simply substitute its view of an appropriate sentence for that of the trial court under R.C. 2953.08(G). *Id.* at ¶ 43.

{¶22} Upon review, we conclude that the trial court's findings are supported by the record. Specifically, the trial court acknowledged the need to punish the offender. Appellant told the trial court that he knew that his actions and his relationship with C.B. were wrong. Despite that knowledge, appellant repeatedly engaged in the conduct with C.B. at least ten times. The trial court also determined that the conduct was serious indicating "these are some of the most serious criminal cases that come here." Dkt. 57, T.p. Vol. II, Sentencing hearing, p. 30. The trial court noted that the appellant's actions had a significant impact on the victim. The trial court considered appellant's expressions of remorse and recognized that appellant had no prior criminal history. The trial court ultimately determined that appellant was not amendable to community control sanctions. The record supports the imposition of consecutive sentences.

{¶23} Moreover, the trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4) and the sentences are not otherwise contrary to law. The trial court made the required findings to impose consecutive sentences and each of the sentences imposed are within statutory parameters. As such, appellant's sole assignment of error is without merit.

Case No. 2024-L-045

{¶24} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.